IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JONI R BOULWARE and THE JONI R. BOULWARE TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>DWIGHT SHANE BALDWIN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' SECOND MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT<br><br><br>Case No. 2:11-CV-762 TS |

This matter is before the Court on Defendants' Second Motion to Dismiss[1] and Plaintiffs' Motion for Entry of Judgment.[2] For the reasons set forth more fully below, the Court will grant both motions.

---

[1] Docket No. 58.

[2] Docket No. 63.

1

I.  BACKGROUND

The facts of this case are fully set forth in the Court's Memorandum Decision and Order dated April 23, 2012,[3] and the Court will only briefly restate them here.

Plaintiffs' claims arise out of Plaintiffs' investments with Defendants.  Plaintiffs suffered substantial losses.  After several attempts to recoup their investment, Plaintiffs drafted a Complaint and sent it to Defendants, informing Defendants that the Complaint would be filed with the Court if a settlement was not reached.  After some negotiation, Plaintiffs and Defendants entered into a settlement agreement.  The settlement agreement required Defendants to sign a confession of judgement, make an initial payment, and then pay the remaining balance on a designated day.  Defendants failed to make the initial payment, and Plaintiffs then filed their Complaint with this Court.

In its April 23 Order, the Court granted Plaintiffs' motion for partial summary judgment on Plaintiffs' claim for breach of the settlement agreement.  The Court also granted in part and denied in part Defendants' motion to dismiss for failure to state a claim on various of Plaintiffs' other causes of action.

Defendants have now filed a second motion to dismiss, contending that because Plaintiffs have elected to pursue a remedy under the settlement agreement, Plaintiffs' remaining claims must be dismissed.  In addition, Plaintiffs have filed a motion for entry of judgment on their claim for breach of the settlement agreement, which Defendants do not oppose.

---

[3]Docket No. 57.

II.  MOTION TO DISMISS

Defendants contend that Plaintiffs have elected to enforce the settlement agreement and are therefore barred from pursuing their other claims based on Defendants' performance prior to the settlement.  Plaintiffs respond that the settlement agreement should be viewed as an executory accord, which does not discharge underlying claims until the substitute performance is rendered.[4]

The Court agrees that the settlement agreement, when made, was an executory accord, but that does not end the inquiry.  Though *Tebbs, Smith & Associates v. Brooks*,[5] upon which both parties rely, clearly states that when an accord is breached the aggrieved is permitted to either enforce the accord or rescind it and pursue the underlying claims,[6] the case does not go on to consider what happens to the underlying claims when a party obtains a judgment on the accord.  The Court finds *L & A Drywall, Inc. v. Whitmore Const. Co., Inc*. more instructive on this point.

> *L & A Drywall, Inc.* states that
>
> an agreement of compromise and settlement in a legal dispute constitutes an executory accord.  As such, a party to the agreement aggrieved by an alleged breach thereof by the other party has the option of seeking to enforce the settlement agreement, or regarding the agreement as rescinded and moving against the other party on the underlying claim.  Where a motion for summary judgment is clearly based upon one or the other theory of recovery, (enforcement or rescission), an election may be deemed to have been made, since the two theories must be regarded as separate and distinct claims.[7]

---

[4]*Bradshaw v. Burningham*, 671 P.2d 196, 198 (Utah 1983).

[5]735 P.2d 1305 (Utah 1986).

[6]*Id.* at 1307.

[7]*L & A Drywall, Inc. v. Whitmore Const. Co., Inc*., 608 P.2d 626, 629 (Utah 1980).

The Court will apply this rule in harmony with the general principles governing election of remedies in Utah:

> The doctrine of election of remedies applies as a bar only where the two actions are inconsistent, generally based upon incompatible facts; the doctrine does not operate as an estoppel where the two or more remedies are given to redress the same wrong and are consistent. Where the remedies afforded are inconsistent, it is the election of one that bars the other; but where they are consistent, it is the satisfaction that operates as a bar.[8]

The Court finds that Plaintiffs' pursuit of enforcement of the settlement agreement is inconsistent with any remedy that could be granted on their other causes of action because the agreement by its express terms bars all such claims. The settlement agreement waives Plaintiffs' right to pursue any claims arising out of

> any and all past, present, and future claims, charges, losses, obligations, demands, damages, liabilities, actions and causes of action of every kind, nature and description, costs and attorney's fees . . . which have been or could be or could have been brought, arising out of, or in any way connected with or related to, directly or indirectly, claims asserted in the Draft Complaint, the past transaction and/or dealings between the Trust and/or Boulware and any of the Released Parties.[9]

Plaintiffs have not disputed Defendants' contention that this language, if enforced, would bar all of Plaintiffs' claims except the thirty-first, which alleges breach of the settlement agreement. Though this release provision was initially void if Defendants failed to perform, the parties have previously conceded that this provision was subsequently modified to allow negation at

---

[8]*Farmers & Merchs. Bank v. Universal C.I.T. Credit Corp.*, 289 P.2d 1045, 1049 (Utah 1955).

[9]Docket No. 59 Ex. A, at 4.

Plaintiffs' option.[10]  Accordingly, to pursue their underlying claims, Plaintiffs must first void the agreement, and to enforce the agreement, Plaintiffs must relinquish the claims.  By seeking judgment on the settlement agreement, Plaintiffs have elected that path over the underlying causes of action.  The Court will therefore grant Defendants' motion to dismiss as to all of Plaintiffs' causes of action except the thirty-first.

### III.  MOTION FOR ENTRY OF JUDGMENT

Based on Defendants' stipulation, the Court will grant Plaintiffs' Motion and enter judgment for Plaintiffs on the thirty-first cause of action.  Plaintiffs have provided a proposed judgment that mirrors, with minor deletions, the original confession of judgment that Defendants pledged to sign in the settlement agreement.  The Court will therefore sign that judgment and incorporate it into this Order.

### IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Second Motion to Dismiss (Docket No. 58) is GRANTED.  It is further

ORDERED that Plaintiffs' Motion for Entry of Judgment (Docket No. 63) is GRANTED.  The Court will separately enter judgment and will direct the clerk of the court to close this case.

---

[10] *See* Docket No. 57, at 27.

DATED   July 16, 2012.

                          BY THE COURT:

                          _____
                          TED STEWART
                          United States District Judge